KATIE ANKI,

      Plaintiff,

vs.

SWANEES TRUCKING, LLC,
a foreign corporation and
JIMMY RAY MCDONALD, JR.

      Defendants.

_____/

IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF FLORIDA, OCALA DIVISION

Case No.: _____

## DEFENDANT, SWANEES TRUCKING, LLC,
## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendant, SWANEES TRUCKING, LLC (Swanees), by and through its undersigned attorneys, pursuant to the provisions of Title 28, USC §§1332, 1441 and 1446, hereby removes to the United States District Court for the Middle District of Florida, Ocala Division, an action pending in the Fifth Judicial Circuit in and for Marion County, Florida, captioned *Katie Anki v. Swanees Trucking, LLC and Jimmy Ray McDonald, Jr.*, Case Number: 2020-CA-001970. In support thereof, Swanees would show:

1.     Plaintiff commenced this action in the Circuit Court of Marion County, Florida on or about December 9, 2020. Swanees was served with process sometime in December 2020. A copy of the Complaint is attached as exhibit "A." Swanees does not have a copy of the Return of Service.

1

2.      Swanees responded to Plaintiff's Complaint with an Answer and Defenses. See exhibit "B."

3.      Defendant, Jimmy Ray McDonald, Jr. (McDonald), has not yet been served with process.  Therefore, the "unanimity rule" requiring that all named defendants in an action consent to the removal of the action does not apply to this matter. *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1330 (M.D. Fla. 2003), (stating "[t]here are three exceptions to the unanimity rule; namely: '(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c).'" (citations omitted)). As McDonald has not yet been served with process in this matter, he is not required to join in or consent to the removal of this matter. *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003). *See also*, *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3rd Cir. 1985); *McKinney v. Board of Trustees*, 955 F.2d 924, 925 (4th Cir. 1992); *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999); *Shaw v. Dow Brands*, 994 F.2d 364, 369 (7th Cir. 1993).  Nonetheless, it should be noted that McDonald is a citizen of the state of South Carolina as a result of which his presence in this litigation does not and will not defeat diversity.  Exhibit "A," ¶4.

4.  Additional filings in the state court are:

a. Plaintiff's Requests to Produce to both Defendants of December 9, 2020, exhibits "C" and "D."

b. Plaintiff's Requests for Admission to both Defendants of December 9, 2020, exhibits "E" and "F."

c. Plaintiffs' Interrogatories to both Defendants of December 9, 2020, exhibits "G" and "H."

d. Swanee's Request for Admissions to Plaintiff of December 31, 2020, exhibit "I."

e. Swanee's Response to Plaintiff's Request for Admissions of December 31, 2020, exhibit "J."

f. Plaintiff's Reply to Affirmative Defenses of January 4, 2021, exhibit "K."

g. Swanee's Interrogatories to Plaintiff of January 5, 2021, exhibit "L."

h. Swanee's Request to Produce to Plaintiff of January 5, 2021, exhibit "M."

i. Plaintiff's Response to Swanee's Request for Admissions of January 25, 2021, exhibit "N."

j. Plaintiff's Answers to Swanee's Interrogatories of February 5, 2021, exhibit "O."

k. Plaintiff's Response to Swanee's Request to Produce of February 5,

2021, exhibit "P."

l.     Defendants' Notice of Filing of Notice of Removal of February 9, 2021, exhibit "Q."

5.     This action is being removed to the United States District Court, pursuant to 28 USC §1441 because it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.     In the operative Complaint, the Plaintiff is seeking damages for personal injuries claimed to have been sustained as a result of a motor vehicle accident which occurred on February 21, 2020 in Marion County, Florida.  In the operative Complaint it is alleged that as a result of the accident "Plaintiff was injured" and that Plaintiff "suffered permanent injuries."  Exhibit "A," ¶14 and 15.  The Plaintiff is seeking damages for:  "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation or activation of a previously existing condition."  Exhibit "A," ¶21.  It is alleged that all of "these losses are either permanent or continuing and that "plaintiff will suffer the losses in the future."  Exhibit "A," ¶23.  Plaintiff also contends that her car was damaged for which she also seeks compensation.  Exhibit "A," ¶16, 17, 22 and Count IV.

7.     In answers to interrogatories the Plaintiff describes her injuries as:

I have experienced neck and back pain which causes traveling pain throughout my body. I experience shooting pains in my lower back which can travel into my legs at times. My mid-back experiences frequent tightness and shooting pain as well. This is due to the disc herniations in my C3-C7 and L4-L5. I have experienced headaches and migraines regularly since the accident and these tend to worsen when my neck pain worsens. These headaches/migraines frequently interrupt my daily life and make it hard to perform necessary tasks. I also have bursitis in my left shoulder which has also caused for less range of motion, making certain tasks more difficult. I have experienced tingling and numbness in my arms and hands at times causing me to shake and have minimal control of my hands.

In addition to physical injury, I have tremendously suffered mentally and emotionally due to this accident. I suffer from Post Traumatic Stress Disorder (PTSD) which has led to anxiety and periods of depression. These factors have contributed to regular nausea and vomiting as a trauma response as well as loss of appetite. I often have uncontrollable flashbacks of this accident which cause panic attacks. These unwanted memories/flashbacks also present themselves through nightmares and disrupt my sleep. Falling asleep and staying asleep are other areas I struggle with which further cause difficulty for me to have a clear mind. I fear driving, especially when near large vehicles. Since this accident happened as I was on my way to Jacksonville (my hometown), I am constantly reminded of the incident each time I make the drive to and from Jacksonville/Tampa which causes a lot of panic for me. I have to mentally prepare myself before I can make a trip that was once very easy for me to take. All of these issues have led me to isolate myself from my loved ones at times because of the heightened stress levels and mental instability.

Exhibit "O" at number 14.

Swanee's further understands that the Plaintiff claims to have sustained and incurred medical bills in excess of $64,629.85.  Exhibit "O" at number 15.

8.     28 USC §1332 provides that the United States District Courts shall have original jurisdiction when the matter in controversy exceeds or has a value of  Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states.  The pleadings and the additional materials exchanged thus far and referenced above, copies of which are attached, demonstrate that these requirements have been met in the following respects:

a.     The Plaintiff is a citizen of the state of Florida, exhibit "A" at ¶2 and exhibits "I" and "N" at ¶13.

b.     Swanees is a limited liability company organized under the laws of the state of Minnesota.   See exhibit "R."  Swanee has only one member, Gregory Swanson.  Mr. Swanson is a citizen of the state of Minnesota.  Swanee's principal place of business Coon Rapids, Minnesota.  A corporation's principal place of business is determined by looking at the "total activities" of the corporation.  *Bel-Bel I'National Corp. vs. Community Bank of Homestead*, 162 F.3d 1101 (11th Cir. 1998).  For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members.  *Rolling Greens MHP, L.P v. Comcast Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (Holding that a limited liability company is a citizen of any state of which a member of the company is a citizen.); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304 (11th Cir. 2011).  Consistent with these authorities,

6

Swanee is considered to be a citizen of Minnesota.

   c.   McDonald is a citizen of the state of South Carolina, exhibit "A," ¶4. The accident report also reflects that McDonald held a South Carolina driver's license. Exhibit "S."

   d.   As set forth in paragraphs 6 and 7 above, Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

   e.   Additionally, in response to Swanee's Request for Admissions Plaintiff admitted "The matter in controversy in this litigation does exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest."   Exhibits "I" and "N" at ¶2, 3 and 9.   It is true that parties to litigation cannot by agreement or stipulation confer jurisdiction upon a federal court. *Wolff v. Cash 4 Titles*, 351 F.3d 1348 (11th Cir. 2003).   However, the parties can stipulate to facts that would establish a court's jurisdiction. *Rodriguez v. Diego's Rest., Inc.*, 619 F.Supp.2d 1345 (S.D. Fl. 2009).   Pursuant to Fed.R.Civ.P. 36(b):   "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

   f.   As a result, while taken separately the allegations in the Complaint and the Plaintiff's discovery responses might not prove by a preponderance of the evidence that more than $75,000 is in controversy, Swanees submits that

together they suffice. *Stephenson v. Amica Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 116617 (M.D. Fla. 2014).

9.     This Court has original jurisdiction of this action pursuant to 28 USC §1332 as it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states.  As a result, this action is properly removable to this Court pursuant to 28 USC §1441.

10.     This Notice of Removal has been filed within the time frame specified by law pursuant to 28 USC §1446 (b)(3)(A).  Specifically, within thirty (30) days of Swanees receiving on February 5, 2021 the materials referenced in Plaintiff's Response to Request to Produce and Plaintiff's Interrogatory Answers the first date on which Swanees was able to determine that this cause was removable to this Court.

11.     Promptly after the filing of this Notice of Removal, a true copy will be filed with the Clerk of the Circuit Court for Marion County, Florida.

12.     Written notice of filing this Notice of Removal has been given to the adverse party as required by law in 28 USC §1446 (b) (3).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the eFiling Portal, and that a copy was served via Electronic Mail on the _____ day of February 2021 to Laurence C. Huttman, Esquire, Farah & Farah, P.A., 10 West Adams Street, 3rd Floor, Jacksonville, FL 32202; lhuttman@farahandfarah.com.

BRIAN D. STOKES, ESQUIRE
Florida Bar No.:  436968
Alvarez, Winthrop, Thompson & Storey, P.A.
P.O. Box 3511
Orlando, FL  32802-3511
Telephone No. (407) 210-2796
Facsimile No.   (407) 210-2795
Counsel for Defendants
Designated Email Addresses:
bdstokes@awtspa.com; nlumlock@awtspa.com